Mary Jo O'Neill, AZ Bar #005924
James P. Driscoll-MacEachron, AZ Bar #027828
Michael Baskind, AZ Bar #030810
**Equal Employment Opportunity**
**Commission, Phoenix District Office**
3300 N. Central Ave., Suite 690
Phoenix, AZ 85012
Telephone: (602) 640-5003
Fax: (602) 640-5009
Email:  mary.oneill@eeoc.gov
        james.driscoll-macheachron@eeoc.gov
        michael.baskind@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | ) ) ) Case No.: ) ) **COMPLAINT** ) ) **(JURY TRIAL DEMAND)** ) ) ) ) ) ) ) |
| Plaintiff, | |
| vs. | |
| All Star Priority Staffing, LLC, | |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to aggrieved individual job applicants who were adversely affected by those practices. As alleged with greater particularity in paragraphs 13 through 17 below, All Star Priority Staffing, LLC violated the Americans with Disabilities Act by using an invasive pre-offer medical questionnaire and asking pre-offer interview questions about the aggrieved individuals' medical conditions and/or disabilities.  All Star then used the information obtained unlawfully via the pre-offer

questionnaire and interview questions as a basis to deny employment opportunities to applicants. Consistent with its use of an illegal medical questionnaire and interview questions, All Star also refused to hire Jean Sipes and other aggrieved individuals because the aggrieved individuals were disabled, the aggrieved individuals had a record of a disability, or All Star regarded the aggrieved individuals as disabled.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) and, 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) and 42 U.S.C. § 2000e-5(f)(1).

4.  At all relevant times, All Star has continuously been doing business in the State of Arizona and the Cities of Phoenix and Mesa, and it has continuously had at least 15 employees.

5.  At all relevant times, All Star has procured employees for a covered employer and has procured opportunities for employees to work for a covered employer, within the meaning of Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(c) of Title VII, 42 U.S.C. § 2000e(c).

6.  At all relevant times, All Star has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42

U.S.C.§§ 12111(5), (7).

7.     At all relevant times, All Star has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

8.     More than thirty days prior to the institution of this lawsuit, Jean Sipes filed a charge with the Commission alleging violations of the ADA by All Star. The EEOC's investigation identified approximately 1,000 aggrieved individuals, including Sipes.

9.     On July 1, 2016, the Commission issued All Star a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting All Star to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10.     On July 19, 2017, the Commission issued to All Star a Notice of Failure of Conciliation advising All Star that the Commission was unable to secure from All Star a conciliation agreement acceptable to the Commission for the other aggrieved individuals.

11.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12.     Since at least July 23, 2014, All Star has engaged in unlawful employment practices in Phoenix, AZ in violation of § § 102(a), (d)(1) and (d)(2) of Title I of the ADA, 42 U.S.C. § 12112.

13.     All Star required applicants to fill out a pre-offer medical questionnaire that asked the following questions:

   a.   If the applicant had any of the following medical conditions: Epilepsy, Convulsion, Seizures; Diabetes/Hyperinsulism; Cardiac (Heart Disease)/Heart Problems; Loss of sight on one or both eyes; Sprained or strained a muscle; Deafness (including percentage of hearing impairment);

-3-

High Blood Pressure; Allergies (if so, which type); Dizziness or Fainting Spells; Head Injury; Arthritis or Rheumatism; Back or Neck Injury; Shoulder Injury; Alcoholism; Drug Addiction; Severe Headache/Migraines; Knee or Ankle Injury; Asthma or Breathing Difficulty; and Mental Illness, Psychiatric Treatment, or Professional Counseling.

    b.  If the applicant was on any medication and if so, what kind;

    c.  If the applicant had ever filed a worker's compensation claim for an on-the-job injury, including whether the applicant received worker's compensation benefits;

    d.  If the applicant had ever received a disability rating ensuing from a worker's compensation claim;

    e.  If the applicant had ever injured or sprained their back or neck (including any required surgery) on the job;

    f.  If the applicant ever had any type of surgery; and

    g.  If the applicant was receiving disability compensation from Social Security or military for a disability.

14.    If an applicant disclosed medical information on the questionnaire detailed in Paragraph 13, All Star's owner and other All Star employees would ask applicants unlawful pre-offer medical questions during the pre-offer interview process.

15.    In response to the pre-offer questionnaire, All Star applicants disclosed private medical conditions, including but not limited to:

    a.  Asthma or breathing difficulty;

    b.  Knee and ankle injuries;

    c.  Back Injuries;

    d.  Allergies;

    e.  The medical condition that led to prior workers compensation claims, including but not limited to thumb injuries, shoulder injuries, and back

injuries;

    f.  Epilepsy, convulsions, or seizures;

    g.  High blood pressure;

    h.  Hearing impairments;

    i.  Diabetes;

    j.  Head injuries;

    k.  Surgeries that occurred as many as three decades prior to employment application; and

    l.  Medications prescribed for various ailments, including insomnia, high blood pressure, high cholesterol, and pain.

16.    Based on the information provided in the questionnaire and the interview, All Star did not hire Sipes and other aggrieved individuals.

17.    Since at least July 23, 2014, All Star has also engaged in unlawful employment practices in Phoenix, AZ in violation of § 102(a) of Title I of the ADA, 42 U.S.C. § 12112, by failing to hire individuals because the individuals had a disability, the individuals had a record of a disability, or All Star regarded the individuals as disabled:

    a.  All Star did not hire approximately eighty individuals who disclosed medical information on the illegal medical questionnaire described in paragraph 13 above.

    b.  All Star's owner admitted that All Star used the information provided on the questionnaire to screen out approximately ten individuals based on medical information disclosed on the questionnaire.

    c.  All Star put notes on several individual's files that indicated they were not hired because of a medical condition. For example, All Star wrote "DNU" on one applicant's application after the applicant disclosed he had asthma, a knee injury, and a back/neck injury on the questionnaire even though he had previous construction experience. All Star similarly wrote "Do Not

Use Medical Issues" on a post-it note attached to another applicant's application.

      d.   Upon information and belief, All Star screened out applicants who were qualified to perform jobs for which All Star provided employment opportunities.

18. The effect of the practices complained of in paragraphs 13 through 17 above has been to deprive Jean Sipes and other job applicants of equal employment opportunities and otherwise adversely affect their status as applicants for employment on the basis of prohibited medical inquiries.

19. The practices complained of in paragraphs 13 through 17 above caused Sipes and other applicants to feel uncomfortable, embarrassed, angry, humiliated, anxious, violated, and otherwise distressed.

20. The unlawful employment practices complained of in paragraphs 13 through 17 above were intentional.

21. The unlawful employment practices complained of in paragraphs 13 through 17 above were done with malice or with reckless indifference to the federally protected rights of Jean Sipes and other aggrieved individuals who were required to fill out the medical questionnaire and/or subjected to unlawful medical related questions during the pre-offer interview.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining All Star, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from subjecting applicants to unlawful disability-related medical inquiries, including questionnaires and interview questions.

B. Order All Star to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order All Star to make whole Sipes and those other aggrieved individuals who were either denied jobs because of unlawful pre-offer medical inquiries and/or who were not hired based on his/her disability, whether actual, record of, or regarded as, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and frontpay.

D.      Order All Star to make whole Sipes and those other aggrieved individuals who were denied jobs because of unlawful pre-offer medical inquiries and/or who were not hired based on his/her disability, whether actual, record of, or regarded as, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13 through 17 above, in amounts to be determined at trial.

E.      Order All Star to pay Sipes and the other aggrieved individuals punitive damages for All Star's malicious and reckless conducted, as described in paragraphs 13 through 17 above, in amounts to be determined at trial.

F.      Grant such further relief as the Court deems necessary and proper in the public interest.

G.      Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.


DATED: September 12, 2017.


RESPECTFULLY SUBMITTED,

JAMES L. LEE
Acting General Counsel

GWENDOLYN REAMS
Associate General Counsel

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street NE, 5th Floor
Washington, DC 20507-0004

MARY JO O'NEILL
Regional Attorney

JAMES P. DRISCOLL-MACEACHRON
Supervisory Trial Attorney

*/s/ Michael Baskind*
MICHAEL BASKIND
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Phoenix District Office
3300 N. Central Ave., Ste. 690
Phoenix, AZ 85012

Attorneys for Plaintiff