# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>Plaintiff,<br><br>v.<br><br>All Star Priority Staffing LLC,<br><br>Defendant. | No. CV-17-03127-PHX-DLR<br><br>**ORDER**<br>**(AMENDED CONSENT DECREE)** |

The Court has reviewed the parties' Joint Motion for Entry of Amended Consent Decree. (Doc. 9.) For good cause shown,

**IT IS ORDERED** that the parties' Amended Consent Decree is **GRANTED** as follows:

## I. RECITALS

1. This matter was instituted by Plaintiff Equal Employment Opportunity Commission, an agency of the United States government, alleging that Defendant All Star Priority Staffing LLC ("All Star") violated the ADA by using an improper pre-offer medical questionnaire, and asking pre-offer interview questions about the aggrieved individuals' medical conditions and/or disability. All Star generally denies the allegations in the Charge and the lawsuit.

2. The Parties to this Decree are the EEOC and All Star Priority Staffing LLC.

3. The Parties, desiring to settle this action by an appropriate Consent

Decree, agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendants.

4. As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

5. For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

### II. JURISDICTION

6. The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

### III. TERM AND SCOPE

7. **Term:** The duration of this Decree shall be three (3) years from the date of signing by the Court.

8. **Scope:** Unless otherwise indicated, the terms of this Decree shall apply to all locations owned and/or operated by All Star or any successor staffing agency during the term of the Decree.

### IV. ISSUES RESOLVED

9. This Decree resolves the claims alleged in the above-captioned lawsuit, and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under the ADA that arise from EEOC Charge Number 540-2015-10951, filed by Jean Sipes. This Decree resolves claims by all claimants harmed by the allegations in the EEOC's Letter of Determination, including but not limited to Jean Sipes, through the date of the entry of this Decree.

10. All Star and its officers, agents, employees, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered but shall cooperate in the implementation of this Decree.

11. If All Star intends to sell its business or transfers all or a portion of its assets to another entity, All Star shall provide prior written notice to the purchaser of this lawsuit, the allegations in the Complaint in this action, and the existence and contents of this Consent Decree.

12. If All Star sells its business or transfers all or a portion of its assets to another entity, the Parties agree that the purchasing entity shall be subject to the terms of the Decree, in addition to All Star, if the purchasing entity is a staffing agency and uses All Star's business and/or assets in the same or similar way to All Star.

13. If the owners of All Star open and/or operate another staffing agency during the term of this Decree, the Parties agree that, in addition to All Star, that staffing agency will be subject to the terms of this Decree.

### V. MONETARY RELIEF

14. Judgment is hereby entered in favor of the EEOC and against All Star in the amount of $30,000.

15. All Star will not condition the receipt of individual relief upon Ms. Sipes's or any aggrieved individual's agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive his/her statutory right to file a charge with any federal or state anti-discrimination agency; or (c) promise not to re-apply for a position with All Star.

16. All Star shall pay Ms. Sipes and each Aggrieved Individual in accordance with a final distribution list to be provided to All Star by the EEOC after the entry of this Decree. The final distribution list will indicate the amount of each payment, and it will designate all portions as compensatory damages in amounts to be determined within the EEOC's sole discretion. All Star shall make payments totaling $10,000 within sixty calendar days of the Court's entry of this Decree. All Star shall make additional payments totaling $20,000 by October 1, 2018. All Star shall make those payments according to the following schedule:

        July 1, 2018:        $9,000

        August 1, 2018:      $3,000

        September 1, 2018: $4,000

        October 1, 2018:    $4,000

17.    All Star shall issue a 1099 for each payment designated as compensatory damages by January 31, 2018. Payments designated as compensatory damages shall not be subject to any withholdings. The recipients of such payments are solely responsible for any applicable taxes.  Neither the EEOC nor All Star makes any representations about the tax consequences of such payments.

18.    The payments required under this Decree shall be sent by some verified delivery system (e.g., via certified mail, return receipt requested, or Federal Express) no later than sixty (60) calendar days after the Court's entry of this Decree to the addresses provided by the EEOC.

19.    Within three (3) business days after the payments are sent to Ms. Sipes and each aggrieved individual, All Star shall submit copies of the checks issued to the EEOC.

## VI. OTHER INDIVIDUAL RELIEF

20.    Defendant shall expunge from the personnel file of Ms. Sipes and any aggrieved individual in this action (a) any and all references to the allegations of discrimination filed against All Star that formed the basis of this action; (b) any and all references to this action; (c) any and all references to any medical condition or medical history obtained through the application process at All Star; and (d) any indication that All Star refused to employ Ms. Sipes or any of the aggrieved individuals.

21.    Within ten calendar (10) days after entry of this Decree, All Star shall provide a letter of apology on company letterhead in the form attached as Attachment A to Ms. Sipes and a list of aggrieved individuals that the EEOC will provide within thirty (30) days of entry of this Decree.

## VII. EMPLOYMENT OFFERS

22.    All Star shall offer employment to each aggrieved individual identified in

this lawsuit with the following terms:

    22.1. Within 10 days of the entry of this Decree, All Star shall provide a copy of its application for employment to the EEOC.

    22.2. Within 30 days of the entry of this Decree, the EEOC will provide an initial list of aggrieved individuals, including contact information, who are interested in employment through All Star. Where possible, the EEOC will provide All Star with completed applications for the individuals on the list. The EEOC may supplement the list and provide additional applications for a period of up to six months after entry of this Decree.

    22.3. After receiving the list from the EEOC, All Star shall contact each individual on the list if the individual has not applied to All Star or been placed by All Star in the year prior to the entry of this Decree and provide an application. All Star shall use the contact information provided by the EEOC, and shall not be responsible for otherwise locating the individuals unless All Star has information in its possession indicating alternative contact information, in which case All Star shall attempt contact through the alternative contact information. If the EEOC does not provide a completed application for an individual on the list, All Star shall send the individual a copy of the application to fill out and return to All Star.

    22.4. The application process shall be consistent with the terms of this Decree, as described below.

    22.5. All Star shall offer each aggrieved individual identified by the EEOC under this Decree a position consistent with the following conditions: (1) All Star shall offer placement to each aggrieved individual to the first available position with a client that matches the aggrieved individual's qualifications and availability; (2) All

Star shall give preference to placing aggrieved individuals where All Star has multiple individuals eligible for an available position; and (3) All Star shall provide each individual a reasonable amount of time to respond to the offer, consistent with client deadlines.

22.6. All Star's obligation to offer placement to each individual on the list described in paragraph 22.12 will end one year after the entry of this Decree or after that individual declines six offers.

## VII. EQUITABLE RELIEF

### A.  *Injunctive Relief*

23. All Star, its officers, agents, successors, and other persons in active concert or participation with it, or any of them, are permanently enjoined from engaging in any employment practice which discriminates on the basis of disability.

24. All Star, its officers, agents, successors, and other persons in active concert or participation with them, or any of them, are permanently enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under the ADA. All Star shall not retaliate against a person because such person makes a formal or informal request for reasonable accommodation. Defendants shall not retaliate in any manner against individuals identified as aggrieved individuals or witnesses in this action or who assisted in the investigation giving rise to this action. Nor shall Defendants retaliate against any such persons identified as a witness or possible witnesses of discrimination in future investigations or proceedings.

### B.  *Equal Employment Opportunity Policy Review*

25. Within sixty (60) calendar days of the entry of this Decree, All Star shall review and revise, if necessary, all of its existing equal employment opportunity policies, including but not limited to their policies on making medical inquiries during the application and hiring process, to ensure that all such policies conform to the law.

26. The written equal employment opportunity policies must include at a

minimum:

    26.1. A statement that discrimination based on disability or retaliation is prohibited and will not be tolerated;

    26.2. A clear statement that All Star will not make pre-offer medical inquiries of its applicants, including any inquiry about medical conditions, medications, surgeries, whether an applicant had filed a worker's compensation claim, whether an applicant received worker's compensation benefits, whether an applicant had received a disability rating, or whether an applicant had received disability compensation from Social Security or the military, or any other inquiry intended to ascertain the nature or severity of an applicant's disability;

    26.3. A clear and complete definition of discrimination based on disability;

    26.4. A written policy that addresses how reasonable accommodation will be provided, by request or otherwise, during the hiring process and in the course of employment; and

    26.5. Written guidance on how to determine what is a reasonable accommodation, including mandatory participation in the interactive process with the applicant or employee.

27. Within thirty (30) calendar days after completion of the policy review required under this Decree, the written equal employment opportunity policies shall be posted in a prominent location visible to job applicants at each of All Star's locations and in a prominent location visible to job applicants on All Star's website. The written equal employment opportunity policies shall be distributed to all new employees when hired.

28. Within thirty (30) calendar days after the entry of this Decree, All Star shall indicate on its website, if it maintains a website, on the page for applicants that reasonable accommodations may be available on a case-by-case basis.

    ***C.    Preemployment Inquiries***

29. All Star shall not make any pre-employment inquiries of its applicants with regard to the following information: medical conditions, medications, surgeries, whether an applicant had filed a worker's compensation claim, whether an applicant received worker's compensation benefits, whether an applicant had received a disability rating, or whether an applicant had received disability compensation from Social Security or the military, or any other inquiry intended to ascertain the nature or severity of an applicant's disability.

### D.   *Training*

30. At least annually, Defendants shall provide equal employment opportunity training for all of its employees involved in the hiring process, including all owners and/or managers involved in the hiring process, at each of All Star's locations. Under this provision, employees will be trained at a minimum in the following areas: (a) understanding the kind of conduct which may constitute unlawful disability discrimination; (b) the penalties for engaging in discriminatory behavior; and (c) the ADA's provisions on preemployment medical inquiries. All training under this Paragraph shall be at All Star's selection and expense. Training shall be by live presentation or web application. The training will include at least three hours of training annually regarding the ADA, retaliation, harassment, and/or equal employment opportunity. At least two of the three hours will be devoted to training on the ADA. The training shall emphasize that due to their position of power in the hiring process, such employees (a) must be particularly vigilant not to discriminate, whether consciously or because they rely on subconscious stereotypes; (b) must be sensitive of how their actions or words might be perceived by applicants and employees; and (c) must avoid the temptation to retaliate against an applicant or employee because a complaint is made, or might be made, against them.

31. All Star agrees that the first training session will take place within sixty (60) calendar days after the Court's entry of this Decree.

32. All Star shall provide the Commission with notice thirty (30) calendar

days before a training session will be conducted, or alternatively, All Star may provide a comprehensive schedule of trainings planned for the year or for a number of months if that is more convenient. All Star shall provide the EEOC with the materials for the training at least thirty (30) days before the training, if available, and in no event later than three (3) business days after the training.

### E. Notice Posting

33. Within five (5) business days after the Court's entry of this Decree, All Star shall post at each of its locations, in a conspicuous place frequented by job applicants and employees, the Notice attached as Attachment B to this Decree. The Notice shall be the same type, style, and size as set forth in Attachment B. The Notice shall remain posted for the duration of this Decree. If the Notice becomes defaced or illegible, All Star will replace it with a clean copy. All Star shall certify to the Commission, in writing, within ten (10) business days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provisions of this Decree.

## VIII. RECORD-KEEPING AND REPORTING PROVISIONS

34. For the duration of this Decree, All Star shall maintain all records concerning implementation of this Decree, including, but not limited to, the following:

    34.1. All offers made to Ms. Sipes and the other aggrieved individuals provided by the EEOC under paragraph 22.2, including the date the application materials were sent to each individual, the details of the offer made to each individual, and the response from each individual;

    34.2. Complaints of disability discrimination and records documenting investigation of those complaints, including witness statements, documents compiled, conclusions and findings, and any corrective and remedial actions taken;

    34.3. For each training program required under this Decree and conducted during the reporting period, a registry of attendance and/or certificate

|   |   |
|---|---|
|   | of completion, as well as (a) a detailed agenda; (b) copies of all training material provided to or utilized by the trainers; (c) the name of each trainer and a summary of his or her qualifications (if applicable); |
| 34.4. | A certification that the Notice required to be posted under this Decree has remained posted during the reporting period, or, if removed, was promptly replaced. |
| 34.5. | A certification that, consistent with paragraphs 25-28, All Star's policies have been posted and distributed as required by this Decree. |

35. All Star shall provide semi-annual reports for the duration of the Decree. The reports shall be due thirty (30) calendar days following the end of each respective six (6)-month period, except the final report which shall be submitted to the Commission eight (8) weeks prior to the date on which the Decree is to expire.

### IX. RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

36. This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

37. There is no private right of action to enforce All Star's obligations under the Decree and only the Commission, or its successors or assigns, may enforce compliance herewith.

38. The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action. Should the Court determine that All Star or any successor staffing agency has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

39. Absent extension, this Decree shall expire by its own terms three (3) years from the date of entry without further action by the Parties.

### X. EEOC AUTHORITY

40. With respect to matters or charges outside the scope of this Decree, this

Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## XI. COSTS AND ATTORNEY'S FEES

41. Each party shall be responsible for and shall pay its own costs and attorney's fees.

## XII. NOTICE

42. Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree shall be sent by certified mail, postage prepaid, as follows:

| | |
|---|---|
| Mary Jo O'Neill | Neil M. Alexander |
| Regional Attorney | Josh Waltman |
| EEOC Phoenix District Office | Littler Mendelson P.C. |
| 3300 N. Central Ave, Suite 690 | 2425 East Camelback Road, Suite 900 |
| Phoenix, AZ 85012 | Phoenix, AZ 85016 |

## XIII. SIGNATURES

43. The parties agree to the entry of this Decree subject to final approval by the Court.

Dated this 3rd day of August, 2018.

Douglas L. Rayes
United States District Judge

<u>BY CONSENT:</u>

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ALL STAR PRIORITY STAFFING, LLC |
| By: _____<br>  Mary Jo O'Neill<br>  Regional Attorney | By: _____<br>  Star Nicholls<br>  President and CEO |
| Date: _____ | Date: _____ |

APPROVED AS TO FORM:

_____    _____
Michael Baskind                                                  Neil M. Alexander
Trial Attorney                                                        Littler Mendelson P.C.
EEOC Phoenix District Office                           2425 East Camelback Road, Suite 900
3300 North Central Ave, Suite 690               Phoenix, AZ 85016
Phoenix, AZ 85012

Attorneys for Plaintiff EEOC                           Attorney for Defendant

SO ORDERED this _____ day of _____, 2018.

BY THE COURT:

_____
United States Judge

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By: *Mary Jo O'Neill*
Mary Jo O'Neill
Regional Attorney

Date: JULY 25, 2018

ALL STAR PRIORITY STAFFING, LLC

By: *Star Nicholls* 7/27/18
Star Nicholls
President and CEO

Date: 7/27/2018

APPROVED AS TO FORM:

*Michael Baskind*
Michael Baskind
Trial Attorney
EEOC Phoenix District Office
3300 North Central Ave, Suite 690
Phoenix, AZ 85012

Attorneys for Plaintiff EEOC

*Neil M. Alexander*
Neil M. Alexander
Littler Mendelson P.C.
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016

Attorney for Defendant

# **ATTACHMENT A**
# **LETTER OF APOLOGY**

[FILL IN NAME],

On behalf of All Star Staffing, I want to express our apologies that we sought confidential medical information. We commit to you that we will re-double our efforts to make our company and our workplace a welcoming environment for all job applicants, regardless of any disabilities or medical condition they may have.

Signed: _____
                              Star Nicholls
                              President and CEO

## ATTACHMENT B
## <u>NOTICE</u>

The following notice is being posted under a Consent Decree entered in *EEOC v. All Star Priority Staffing, LLC*, filed in the United States District Court for the District of Arizona, Civil Action No. 2:17-cv-03127-DLR.

All Star Staffing emphasizes its commitment to equal employment opportunity in all operations and during the hiring process. All Star Staffing will not tolerate discrimination against any applicant for employment or employee on the grounds of race, color, religion, sex, pregnancy, national origin, age, disability, or genetic information.

Under the Americans With Disabilities Act of 1990, as amended (ADA), it is against the law for an employer to discriminate based upon the disability of an applicant or employee. It is also against the law for any employer to retaliate against an applicant or employee because he or she has requested reasonable accommodation for disability, opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state, or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

All Star Staffing respects the rights of its employees and applicants for employment to work in an environment free from discrimination and retaliation. Accordingly, All Star Staffing reaffirms its commitment to complying with the ADA and prohibiting all discrimination based on disability and/or retaliation.

Any applicant or employee who believes that he or she has suffered discrimination on the basis of age, race, color, religion, sex, pregnancy, national origin, disability, or genetic information has the right to contact the EEOC directly at 1-800-669-4000. In compliance with federal law, no official at All Star Staffing will retaliate against an applicant or employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice shall remain posted for the term of three (3) years.

By: _____    _____
                                                             Date